**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DANIEL HAMMOND** | **CIVIL ACTION NO.** |
| **VERSUS** | |
| **TIMOTHY STEARS AND ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY** | **19-682-SDD-EWD** |

**NOTICE AND ORDER**

This is a civil action involving claims for damages based upon the injuries allegedly sustained by Daniel Hammond ("Plaintiff") on January 8, 2018 in East Baton Rouge Parish when Plaintiff's Freightliner collided with the truck driven by Defendant Timothy Stears ("Stears") (the "Accident").[1] Plaintiff alleges that the Accident was caused by the fault and negligence of Stears in failing to operate his truck in a safe manner.[2] Plaintiff originally named Allstate Property and Casualty Insurance Company ("Allstate") as Stears' automobile liability insurer.[3]

On or about January 4, 2019, Plaintiff filed his Petition for Damages ("Petition") against Stears and Allstate in the Nineteenth Judicial District Court for the Parish of East Baton Rouge alleging that Defendants are liable to Plaintiff based on the foregoing allegations.[4] While the matter was pending in state court, Plaintiff dismissed his claims against Stears and Allstate with prejudice, and amended his Petition to assert claims against Protective Insurance Company ("Protective") and Progressive Security Insurance Company ("Progressive").[5] In his First

---

[1] R. Doc. 1-1, ¶¶ 3-5.
[2] R. Doc. 1-1, ¶ 7.
[3] R. Doc. 1-1, ¶ 8.
[4] R. Doc. 1-1.
[5] R. Doc. 1-3; R. Doc. 1-4.

Supplemental Petition for Damages ("Amended Petition"), Plaintiff alleges that Protective "issued an uninsured/under-insured insurance policy to Trim & Trim of Louisiana, the owner of the vehicle Mr. Hammond was driving," and that "Progressive issued an uninsured/under-insured insurance policy to Mr. Hammond."[6]

On October 4, 2019, Protective removed the matter to this Court asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[7] However, as explained below, it is not clear from the Notice of Removal that subject matter jurisdiction exists.

*The Joinder of Non-diverse Progressive*

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The Notice of Removal alleges that Plaintiff is a citizen of Louisiana and Protective is incorporated in, and has its principal place of business in, Indiana, so these parties are diverse.[8] However, the Notice of Removal states that Progressive is "a domestic insurance company with its place of incorporation and principal place of business in the State of Louisiana."[9] Protective asserts that "Defendants contend that Progressive Security Insurance Company was fraudulently and/or improperly joined and, therefore, it not a party to this petition for Removal."[10] Protective contends that Progressive was improperly named and joined in the lawsuit because:

---

[6] R. Doc. 1-4, p. 1, ¶¶ 11-12.
[7] R. Doc. 1, ¶ 13. Protective avers that Progressive has consented to removal (even though it is allegedly fraudulently joined). R. Doc. 1, ¶ 5 and R. Doc. 1-6.
[8] R. Doc. 1, ¶¶ 8, 11. As Stears and Allstate were voluntarily dismissed from this proceeding with prejudice by Plaintiff prior to removal, *see* R. Doc. 1-3, their citizenships need not be considered. *See Johnson v. Winn-Dixie Mkt. Place, #1559,* No. 16-01561, 2016 WL 8716901, at *1 (W.D. La. Dec. 9, 2016) ("The citizenship of a defendant voluntarily dismissed from the suit prior to the removal need not be considered in the diversity calculation since a case becomes removable if the plaintiff voluntary dismisses its claims against a nondiverse defendant.")
[9] R. Doc. 1, ¶ 12.
[10] R. Doc. 1, ¶¶ 5, 12.

> Pursuant to LA R.S. 22:1295(c)(1)(i), '[T]he uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary' [citations omitted]. Therefore the Protective Insurance Company uninsured/under-insured motorists coverage is primary in the instant matter, with uninsured/under-insured motorist coverage limits of $1,000,000….As set forth more fully below, Plaintiff's alleged injuries and damages are grossly inadequate to exhaust the $1,000,000 policy limits of the Protective Insurance Company uninsured/under-insured motorists policy issued to Trim & Trim of Louisiana, and, therefore, will not infringe upon the uninsured/under-insured motorists policy issued by Progressive Security Insurance Company to Plaintiff.[11]

Thus, Protective essentially argues that the citizenship of non-diverse Progressive should be disregarded because it was improperly and/or fraudulently joined.

Plaintiff's Amended Petition, in turn, asserts:

> 12.
> At the time of the accident described herein, defendant Progressive issued an uninsured/under-insured insurance policy to Mr. Hammond. Said policy makes Defendant Progressive solidarily liable with Timothy Stears unto petitioner as said policy inures to the benefit of petitioner as a source of compensation for the injuries that she (sic) sustained as a result of the above described accident.[12]

Thus, Plaintiff has asserted claims against Progressive on the basis of Progressive's policy. Considering Protective's position that complete diversity exists when the citizenship of Progressive is not considered, Plaintiff will be ordered to file either a motion to remand addressing the joinder of Progressive, or an Amended Complaint deleting all claims against Progressive if Plaintiff agrees Progressive was improperly joined.

---

[11] R. Doc. 1, ¶ 5, *citing* Protective's policy declarations page at R. Doc. 1-5.
[12] R. Doc. 1-4, p. 1, ¶ 12.

*Deficient Allegations as to the Amount in Controversy*

With respect to the amount in controversy, it is not clear from the Notice of Removal or the Petition whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[13] Plaintiff alleges that Stears' vehicle came into Plaintiff's lane of travel "striking the side of his vehicle." The original Petition alleges injuries to Plaintiff as follows:

> 6.
> As a result of the above described incident, petitioner Daniel Hammond, sustained severe personal injuries, including but not limited to:
> A. Physical pain and suffering (past, present, and future), limitations and injuries;
> B. Mental pain, suffering, and anguish (past, present, and future);
> C. Medical expenses (past, present, and future);
> D. Lost earnings and wages and benefits (past, present, and future);
> E. Disability;
> F. Loss of enjoyment of life.[14]

In the Notice of Removal, Protective asserts that it obtained Plaintiff's medical records, which indicate that: Plaintiff received treatment for hip and left shoulder pain; an MRI of Plaintiff's left shoulder revealed, in pertinent part, "mild tendinosis," no evidence of a torn rotator cuff, and a "non-displaced tear of the posterior glenoid labrum…;" Plaintiff was referred to an orthopedist for surgical labral tear repair; Plaintiff received an injection his shoulder and physical therapy; and Plaintiff has incurred about $5,700 in medical expenses and is currently treating.[15] Protective argues that Louisiana state courts have awarded damages exceeding $75,000 for similar injuries.[16] In addition to the foregoing medical records, Protective relies on Plaintiff's boilerplate damage allegations in the original Petition, the fact that Plaintiff has named two uninsured/underinsured

---

[13] *See* 28 U.S.C. §1332(a).
[14] R. Doc. 1-7, ¶ 6.
[15] R. Doc. 1, ¶¶ 17-18 *citing* Plaintiff's medical records at R. Doc. 9 through R. Doc. 14.
[16] R. Doc. 1, ¶ 18.

4

insurers (in addition to originally naming Allstate as Stears' automobile insurance carrier), and the fact that Plaintiff failed to allege that his claims are for less than $75,000 as required by La. C.C.P. 893, as support for the assertion that it is entitled to removal.[17]

The foregoing does not provide enough information to determine if Plaintiff's claims will likely exceed $75,000, exclusive of interest and costs. First, while the cited medical records provide some information regarding Plaintiff's injuries, they do not establish that his injuries will result in damages that meet the jurisdictional threshold, particularly considering the small amount of documented medical expenses, the fact that some of the diagnoses reflect "mild" or "no" injuries, and the conflicting information regarding surgery for the labral tear. Although Protective cites to a medical record regarding a referral for a surgical labral tear repair in March 2018,[18] Protective also cites to a medical record after that date indicating that Plaintiff received an injection and physical therapy.[19] It is not clear from the evidence submitted whether Plaintiff had surgery for the labral tear and, if Plaintiff did not, given that the accident occurred almost two years ago, that fact would militate against a finding that the amount in controversy is met.[20]

Furthermore, Plaintiff's general allegations in the Petition of "severe personal injuries" and "disability" and demands for general categories of damages (*e.g*., past, present, and future "physical pain and suffering," mental pain, anguish, and suffering, medical expenses, and loss of enjoyment of life) are insufficient to establish the amount in controversy. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost

---

[17] R. Doc. 1, ¶¶ 14-16, 18.
[18] R. Doc. 1-11.
[19] R. Doc. 1-12.
[20] Plaintiff's cases are distinguishable. In *Maddox v. Bailey*, 13-0564 (La. App. 1 Cir. 5/19/14); 146 So.3d 590, the plaintiff presented evidence of ten months of pain, the inability to participate in family activities, and the exhaustion of conservative treatment after which the plaintiff elected to undergo surgery following severe pain, all of which evidence was tried to a jury and reviewed on appeal. Likewise, in *Ryan v. Zurich American Ins. Co*., 07-2312, (La. 07/01/08); 988 So.2d 214, the plaintiff actually underwent a procedure to repair a torn labrum and the case was tried to a jury.

wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *Davis v. JK & T Wings, Inc.*, and cases cited therein.[21] Protective has also not offered any specific information regarding whether Plaintiff lost any income, or evidence of any settlement demands or discovery responses that would have bearing on the amount in controversy. Finally, while Plaintiff's failure to include an La. C.C.P. art 893 statement regarding damages may be considered,[22] it is not determinative of whether the amount in controversy is met.[23] Based on the foregoing and taken as a whole, it is not apparent from either the Notice of Removal or the Petition whether Plaintiff's claims are likely to exceed $75,000, exclusive of interest and costs.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter.[24]

Accordingly,

---

[21] No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012).
[22] *See, e.g., Demoulin v. Labor Smart, Inc.,* No. 17-115-SDD-RLB, 2017 WL 2471057, at *3 (M.D. La. May 19, 2017), *report and recommendation approved,* No. 17-115-SDD-RLB, 2017 WL 2468796 (M.D. La. June 7, 2017) ("This Court has previously held that the 'absence of such a statement in the Petition may be considered in determining whether the amount in controversy is sufficient.' *Broussard v. Celebration Station Properties, Inc.*, No. 13-531, 2014 WL 1402144, at *4 (M.D. La. Apr. 10, 2014); *see Weber v. Stevenson*, No. 07-595, 2007 WL 4441261, at *4 (M.D. La. Dec. 14, 2007) ('[T]he court finds that the plaintiffs' failure to follow La. C.C.P. art. 893(A)(1)'s mandate, while entitled to some consideration, in and of itself is not determinative of the amount in controversy.'); *see also Chambers Med. Found. v. Chambers*, No. 05-786, 2006 WL 1895479, at *2, n. 3 (W.D. La. Jan. 23, 2006) (failure to assert whether the federal amount in controversy requirement is satisfied as required by article 893(A)(1) 'creates a 'strong presumption' in favor of jurisdiction'). Accordingly, the Court will give some weight to Plaintiff's failure to follow Article 893(a)(1)'s mandate but does not find that failure to be determinative of whether the amount in controversy is satisfied.")
[23] *See Ford v. State Farm Mut. Auto. Ins. Co.,* No. 08-403, 2009 WL 790150, at *4 (M.D. La. Mar. 25, 2009) ("[A]ll three U.S. District Courts in the State of Louisiana have recognized that the failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy."), *and, e.g.*, *Weber,* 2007 WL 4441261, *4 (Omission of an La. C.C.P. art. 893 statement is entitled to some consideration, but it is not, in and of itself, determinative of the amount in controversy.)
[24] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

**IT IS HEREBY ORDERED** that, on or before **October 21, 2019**, Defendant Protective Insurance Company shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.[25]

**IT IS FURTHER ORDERED** that, on or before **November 1, 2019**, Plaintiff Daniel Hammond shall address the citizenship issue of Defendant Progressive Security Insurance Company by filing either: (1) a motion to remand addressing the alleged improper joinder of Progressive or (2) an amended complaint deleting all claims against Progressive.

**IT IS FURTHER ORDERED** that, on or before **November 1, 2019**, Plaintiff Daniel Hammond shall address the amount in controversy issue by filing either: (1) a Notice stating that Plaintiff does not dispute that Protective has established the jurisdictional requirements of 28 U.S.C. § 1332; or (2) a motion to remand.[26]

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on October 9, 2019.

                                                **ERIN WILDER-DOOMES**
                                                **UNITED STATES MAGISTRATE JUDGE**

---

[25] While no motion to remand has been filed yet, 28 U.S.C. § 1447(c) provides for an award of just costs and expenses, including actual attorney fees incurred as a result of removal if remand is granted. *See Johnson v. Beale*, No. CV 18-961-BAJ-EWD, 2019WL 2150399, at *6 (M.D. La. Apr. 24, 2019), *report and recommendation adopted*, No. CV 18-961-BAJ-EWD, 2019 WL 2144807 (M.D. La. May 16, 2019) (granting motion to remand and fees and costs under § 1447(c) where the Court had provided significant guidance as to the deficiencies in the evidence offered to support amount in controversy but the defendant maintained that removal was proper).

[26] Only one motion to remand needs to be filed by Plaintiff addressing either or both issues, as appropriate.